UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:04-CV-457 |
| v. | ) | No. 3:05-CV-223 |
| | ) | (GUYTON) |
| BECHTEL JACOBS COMPANY, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This consolidated case came before the Court on February 1, 2006 for consideration of the Joint Motion To Continue [Doc. 16]. John Agee represented the plaintiff. Reggie Keaton represented the defendant. The Court found the said Motion [Doc. 16] well-taken, and it is **GRANTED**.

The Court hereby amends the Scheduling Order [Doc. 11], as follows:

4. DISCLOSURE AND DISCOVERY:

(d) Expert Testimony: Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by the plaintiff on or before **September 5, 2006**, and by the defendant on or before **October 5, 2006**.

(f) Pretrial Disclosures: On or before **October 23, 2006**, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 7(g) and (h) below).

(g) <u>All Discovery</u>: All discovery, including the taking of depositions "for evidence," shall be completed on or before **November 6, 2006**. (Motions to compel must be filed on or before **October 6, 2006**.)

      6.  <u>PRETRIAL ORDERS AND PRETRIAL CONFERENCES</u>:

Unless counsel are otherwise directed by the Court,[1] the following shall govern with regard to pretrial orders and conferences in this particular case.

An agreed pretrial order <u>shall be filed with the clerk</u> on or before **November 6, 2006**. This order shall contain the following recitals:

    (a)    Jurisdiction.

    (b)    That the pleadings are amended to conform to the pretrial order.

    (c)    Short summary of plaintiff's theory.

    (d)    Short summary of defendant's theory.

    (e)    The issues to be submitted to the trial judge or jury.

    (f)    Stipulations of fact.

    (g)    Novel or unusual questions of law or evidence.

    (h)    Estimated length of trial (in working days).

    (I)    Possibility of settlement.

    (j)    Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

---

[1] If otherwise directed, counsel will receive detailed written instructions concerning pretrial conference procedures before a judge or magistrate judge of the Court.

On **October 23, 2006** ( **October 20, 2006** if service by mail), plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (545-4260) on or before **November 6, 2006** that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.

Failure to file an agreed pretrial order or to notify the undersigned's Judicial Assistant that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

A **pretrial conference** is scheduled for **November 28, 2006 at 1:00 p.m.**

7. OTHER SCHEDULING MATTERS:

(a) Joinder of Parties: If any party wishes to join one or more additional parties or amend to add alleged tortfeasors, such joinder or amendment shall be made on or before **September 5, 2006**.

(b) Dispositive Motions: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than **October 5, 2006**. The failure to timely file such motions will be grounds to summarily deny them.

(c) <u>Motions in Limine</u>: Any motions *in limine* must be filed no later than **November 28, 2006**. Should a hearing be directed by the Court in regard to such motions *in limine*, the parties will be notified of the date and time therefor.

Motions seeking a Daubert hearing must be filed on or before **October 6, 2006** or they will be deemed waived.

(d) Upon filing any dispositive motion, or any other motion which exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

(e) <u>Special Requests to Instruct for Jury Trial</u>: Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than **November 28, 2006** and shall be supported by citations of authority pursuant to Local Rule 7.4. There is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

(f) All anticipated exhibits will be labeled and sequentially numbered prior to trial. At the inception of trial, counsel will furnish the Court with three (3) copies of their exhibit lists and two (2) notebooks with exhibits, so numbered, and three (3) copies of witness lists.

(g) On or before **October 6, 2006**, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(h) Within five (5) days after service of a final witness list in (g) above, such list may be supplemented.

(i) In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of

4

Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rule 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

(j) <u>Motions for Extensions of Deadlines</u>: Motions seeking extensions of any deadlines set forth in this Order shall be filed **prior to the expiration of the deadline** stated in this Order. Absent extraordinary or extenuating circumstances, motions filed after the expiration of the deadline shall be denied.

8. <u>TRIAL</u>: The trial of this case will be held before the United States Magistrate Judge with a jury beginning on **<u>December 5, 2006 at 9:00 a.m.</u>** The trial is expected to last four (4) days. **<u>NOTE</u>: Should the scheduled trial date change for any reason, the other dates set forth in this Order will not automatically change, but shall remain as scheduled. However, should the parties desire a change of any of these other dates, they may seek an Order changing those dates.**

If there are any preliminary matters, counsel shall be present at 8:30 a.m., to take up any such matters which may require the Court's attention. The parties shall be <u>prepared</u> to commence trial at 9:00 a.m., on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

**IT IS SO ORDERED**.

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge